Argued October 10, decided October 21, 1913.

## BUNCH *v.* THOMBLISON.

(135 Pac. 879.)

**Mortgages—Sale—Correction of Errors—Notice.**

Where the description in a decree for foreclosure, the notice of sale, and other subsequent proceedings, omitted a portion of the land which was correctly described in the mortgage and the complaint, the court, even if it could correct by a decree *nunc pro tunc* the error in the decree, could not, by such an order, correct the notice of sale, since the portion of the land omitted therefrom was never, in fact, advertised under subdivision 2, Section 237, L. O. L., providing that the notice of sale shall particularly describe the property.

[As to causes and proceedings for the reformation of instruments, see note in 65 Am. St. Rep. 481. As to reformation on the ground of mistake, see note in 117 Am. St. Rep. 227.]

From Josephine: FRANK M. CALKINS, Judge.

Department 1. Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action in ejectment by Ada Erb Bunch against George B. Thomblison, Artie Thomblison and Mary Ellen Leonard, to recover possession of a certain 40-acre tract of land, situated in Josephine County. The plaintiff obtained a verdict and judgment, and defendants appeal.

The facts appearing on the record are as follows: On April 2, 1892, J. D. Glidden and Ellenor, his wife, being the owners of the west half of the southeast quarter and the southwest quarter of the northeast quarter of section 28, township 39 south, range 7 west, Willamette meridian, mortgaged the same to William Dailey to secure the payment of the sum of $383.85, with interest at 10 per cent. per annum. On September 4, 1895, Dailey brought suit to foreclose the mortgage. The complaint correctly described the land mortgaged, but in the decree which was subsequently rendered the land was erroneously

described as the west half of the southeast quarter and the southeast quarter of the northeast quarter of said section 28, including 40 acres not owned by the mortgagors and omitting the southwest quarter of the northeast quarter which was described in the mortgage; the error being probably caused by the clerk writing the word "southeast" instead of the word "southwest." Execution and order of sale was issued containing the same erroneous description, and the land was sold and bid in by Dailey for the full amount of his decree and costs. The sheriff issued a deed to Dailey containing the said erroneous description and reciting a confirmation of the sale, but no order of confirmation appears on the record. Dailey died, and the property passed by inheritance to his son Edward Dailey, and subsequently passed by a series of conveyances to plaintiff, all of which contained the same erroneous description found in the original decree. On September 28, 1896, the Gliddens conveyed the southwest quarter of the northeast quarter of section 28 to defendant Mary Ellen Leonard by a quitclaim deed, which was not recorded until July, 1910, 27 days after the attempted correction of the decree hereinafter mentioned. On June 16, 1910, a motion was filed in the original foreclosure proceeding by Edward Dailey as successor to William Dailey, deceased, asking that the decree be corrected so as to describe the lands in controversy in accordance with the mortgage and complaint. The motion was *ex parte,* as Mrs. Glidden was dead and as Glidden's whereabouts were unknown; and, the deed to the defendant Mrs. Bunch not being of record, its existence was unknown to plaintiff. On June 21, 1910, the court made an order correcting the decree as prayed in the motion, and appointed Joseph Hiatt, the sheriff who executed the original sheriff's deed, but who was at

the time of the motion out of office, to execute the corrected conveyance, and thereafter Dailey and his grantees executed corrected conveyances making a complete chain of corrected deeds down to plaintiff. Plaintiff then brought ejectment against Mary Ellen Leonard and the Thomblisons, who claimed to be her tenants, to recover the land, with the result before stated.

REVERSED.

For appellants there was a brief, with oral arguments by *Mr. H. D. Norton* and *Mr. Arthur C. Emmons.*

For respondent there was a brief and an oral argument by *Mr. William C. Hale.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

For the purposes of this case many of the contentions in the able brief of counsel for respondent may be admitted. But conceding without deciding that the court had power to correct the decree to conform to the original complaint and mortgage, and that it could do so under the circumstances without notice to the defendant Leonard, there remained other matters which it could not correct *nunc pro tunc.* The fact remains that the land in dispute was never advertised for sale, and therefore was never in fact sold. Subdivision 2, Section 237, L. O. L., requires that the notice of sale shall "particularly describe" the property to be sold. It is admitted that the notice of sale in this case contained no description of the property in dispute, but described another and different subdivision. It was not in the power of the court by a *nunc pro tunc* order, or otherwise, to dispense with a proper notice of sale of the property.

For this reason the judgment of the Circuit Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.     REVERSED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.